IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH BECKER,

    Plaintiff,                               No. S-11-1967 JAM CKD P

  vs.

K. HENKEL, et al.,                         <u>FINDINGS</u>  <u>AND</u> <u>RECOMMENDATIONS</u>

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. This case proceeds on the original complaint filed July 26, 2011. Pending before the court is plaintiff's July 26, 2011 motion for preliminary injunction, as amended by additional papers seeking a preliminary injunction filed on August 23, 2011.[1] (Dkt. Nos. 1, 9.) The gravamen of these motions is that, in retaliation for protected First Amendment activities, one or more of the named defendants is denying plaintiff adequate law library access and has caused him to be placed in administrative segregation without his legal materials, such that plaintiff cannot prepare to defend a federal court's grant of habeas corpus relief to plaintiff that is being

---

[1] As noted in the court's September 8, 2011 order, the court reviews the motion and amended motion in conjunction, as plaintiff apparently intended the latter to supplement the former, and both concern the issue described above.

1

appealed in the Ninth Circuit Court of Appeals.

On September 8, 2011, this court found that plaintiff stated a cognizable claim that his right to access the courts was being violated[2], and ordered the complaint served on all defendants.  The court further ordered defendant Warden Knipp to respond to plaintiff's motion for preliminary injunction and ascertain whether plaintiff was being denied his legal right of access to the courts by the named defendants or anyone else.  (Dkt. No. 11.)  On September 26, 2011, defendants filed an opposition to the motion for preliminary injunction.  (Dkt. No. 18.)  On November 10, 2011, plaintiff filed a reply.  (Dkt. No. 27.)  For the reasons set forth below, the court will recommend that plaintiff's motion for preliminary injunction be denied as moot.  Moreover, because plaintiff's forward-looking access to courts claim has been resolved by events subsequent to his filing of the complaint in July 2011, the court will recommend that this action be dismissed for lack of subject matter jurisdiction.

I. Plaintiff's Motions

Plaintiff's July 26, 2011 complaint alleged that, despite plaintiff's priority legal user (PLU) status, prison law librarian Henkel and correctional officers Garcia and Colston were denying him law library access for "no legitimate reason" and preventing him from litigating the appeal of his federal habeas grant.  (Dkt. No. 1 at 6-7.)  In his concurrent motion for preliminary injunction, plaintiff asserted that "unless this Court intervenes, plaintiff's right to pursue the appeal of his granted habeas corpus will be severely hindered by unlawful interference by state employees at Mule Creek State Prison."  (Dkt. No. 2 at 2.)  Plaintiff asserted that he was "being singled out for being subjected to harassment, and set up for situation to deny me entry to the law library and/or use of the computer."  (Id. at 4.)  He sought the relief of "ten hours per week of computer use" to conduct research pertaining to his habeas appeal.

---

[2] While plaintiff alleges retaliation in his motions for preliminary injunction, the complaint does not allege retaliation but focuses on plaintiff's lack of law library access despite his PLU status and pending federal appeal.  (Dkt. No. 1.)

2

1  On August 23, 2011, plaintiff filed an amended motion for preliminary injunction, apparently intended as a supplement to his original motion, alleging that defendant Henkel retaliated against him on August 17, 2011 for his attempt to use the law library. Plaintiff alleged that, on that day, he was placed in administrative segregation without legal materials, and that all his "legal property and books are now withheld, as a direct result of" the claimed retaliation. (Dkt. 9 at 2.) As additional relief, plaintiff asked that the court order defendants to show cause why plaintiff is being "held unlawfully in ad-seg" and being "unlawfully denied the capability to pursue his pro se appeal in federal court[.]" (Id. at 2-3.) Also on August 23, 2011, plaintiff filed a notice stating that all of his legal property was being withheld indefinitely. (Dkt. No. 10.)

II. Defendants' Opposition

Defendants argue that the record reflects that plaintiff has been able to zealously pursue his claims, had ample access to the law library, and has not demonstrated that the acts complained of have or will, in any cognizable way, threaten his right of access to the courts.

Defendants confirm that plaintiff's application for federal habeas relief was granted in part in Becker v. Martel, CIV S-10-1209 (AJB) (S.D. Cal. April 29, 2011), and plaintiff's conviction was ordered reversed. Respondent Martel appealed the district court's ruling on May 9, 2011 and filed his opening brief on September 19, 2011. (Dkt. No. 18-1 at 2-3.) Becker is proceeding pro se. His answering brief was due on October 19, 2011. (Id. at 2.) Defendants state that, following respondent Martel's notice of appeal, plaintiff was placed on priority legal user (PLU) status and was entitled to a minimum of four hours per week of law library access. (Dkt. No. 18 at 2, citing Cal. Code of Regs. tit. 15, § 3123(b).) Defendants have submitted records indicating that, in June 2011, plaintiff received 50.25 hours of library access and in July 2011, he received 40.45 hours access, well above the required four hours per week. (Dkt. No. 18-1 at 6-12.) Prison records further indicate that, in August 2011, plaintiff received 28.15 hours of library access prior to being removed from the library on August 16, 2011 and placed in administrative segregation on August 17, 2011. (Id. at 18, 65-68.) In a statement

3

signed and dated August 16, 2011, defendant Henkel explained that she instructed plaintiff to leave the library immediately after he became belligerent, broke a computer desk, and threatened to "cut [her] up into little pieces." (Id. at 65.) An August 17, 2011 administrative segregation placement notice states that plaintiff was placed in ad-seg for being "aggressive and disruptive" regarding his access to the law library and for threatening defendant Henkel. (Id. at 67.)

As to plaintiff's ability to access his legal materials and litigate the appeal of his federal habeas grant while in ad-seg, defendants have submitted a declaration by K. Whitehead, an administrative segregation sergeant at Mule Creek State Prison, stating that, on September 25, 2011, following an inquiry from the Office of the Attorney General, plaintiff was escorted to a holding cell, "where [he] was allowed to go through all of his legal materials. Becker was given an opportunity to retrieve the items that he wanted out of his legal property, and that he indicated were necessary to assist him with his current filing deadline." (Dkt. 18-1 at 70-71.) Defendants additionally point out that in both the instant action and in plaintiff's habeas appeal, plaintiff has met his court deadlines and diligently litigated his case, including filing two motions in the habeas case since respondent Martel filed his notice of appeal. (Dkt. No. 18 at 6.)

In reply, plaintiff does not deny that he was given access to his legal materials on September 25, 2011. Rather, he asserts that he was placed into administrative segregation without cause and that defendant Henkel's statements about the events of August 16, 2011 are untrue. (Dkt. No. 27.) Notably, given that this action proceeds on plaintiff's access to courts claim, plaintiff asserts: "This case is not about how plaintiff did or will suffer denial of access to the courts." Rather, he states, this action concerns defendants' retaliation for plaintiff's legal activity by placing him in administrative segregation. Plaintiff also requests a new form of injunctive relief: release from administrative segregation and a return to the "B" facility at Mule Creek State Prison. (Id. at 4-5.)

\\\\

\\\\

III. <u>Discussion</u>

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Id.</u> In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. <u>Id.</u>

Here, the undersigned concludes that plaintiff's request for injunctive relief has been rendered moot by recent events. Following the appeal of his grant of federal habeas relief, plaintiff was provided ample time in the prison law library until he was placed in administrative segregation for, according to prison records, disruptive and threatening behavior. On September 25, 2011, well in advance of his October 19, 2011 deadline in the habeas appeal, plaintiff was allowed to retrieve his legal materials. Indeed, a review of the docket in plaintiff's habeas appeal indicates that, after requesting and receiving an extension of time to file his answering brief, he filed it on October 25, 2011.[3] This perhaps explains why, in his November 10, 2011 reply, plaintiff's access to legal materials was no longer presented as an urgent or even important issue; by that time, plaintiff simply wanted to be released from ad-seg. Based on the above, the court finds that plaintiff's motion for preliminary injunction should be denied as moot.

Moreover, this case proceeds solely on plaintiff's forward-looking access-to-courts claim, for which plaintiff sought only injunctive relief. (Dkt. No. 1 at 3.) The court earlier

---

[3] The undersigned takes judicial notice of these court records. <u>See</u> Fed.R.Evid. 201(b); <u>United States v. Bernal–Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993).

5

found this claim was cognizable because it alleged "the frustration or hindrance of a 'litigating opportunity yet to be gained'" – namely, the opportunity to defend his federal habeas grant on appeal. (Dkt. No. 11, citing Christopher v. Harbury, 536 U.S. 403, 415-416.)[4] Based on the record before the court and in light of the fact that plaintiff has been provided legal materials and was able to file an answering brief in his habeas appeal, plaintiff no longer appears to have a cognizable forward-looking access claim. Indeed, plaintiff himself now states that "This case is not about how plaintiff did or will suffer denial of access to the courts." (Dkt. No. 27 at 4.)

        Accordingly, the undersigned will recommend that this case be dismissed for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.[5] Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594–95 (9th Cir. 1996). The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682–83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction). Here, the undersigned is satisfied that plaintiff has been able to access the prison law library and his own legal materials sufficiently to defend his grant of habeas relief in the Ninth Circuit Court of Appeals.

---

[4] In its September 8, 2011 order, this court discussed the legal standard for a constitutional access to courts claim as applied to the facts here. (Dkt. No. 11 at 2-4.)

[5] . Here, defendants Colston, Garcia, Henkel and Knipp have recently executed waivers of service. (Dkt. No. 26.)

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion and amended motion for preliminary injunction (Dkt. Nos. 2 and 9) be denied as moot; and

2. The complaint (Dkt. No. 1) be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
beck1967.pi